STEVEN A. FABBRO, ESQ. (SBN 107973)
LAW OFFICES OF STEVEN A. FABBRO
601 Montgomery Street, Suite 688
San Francisco, CA  94111
Telephone: (415) 391-6850
Facsimile: (415) 391-6856
E-mail: fabbrolaw2001@yahoo.com
Attorney for Plaintiff:
DAVID ROBERT SEEVER, Individually and as Successor in Interest to TREVOR R. SEEVER

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID ROBERT SEEVER, father of TREVOR R. SEEVER, DECEASED, Individually and as Successor in Interest to TREVOR R. SEEVER<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF MODESTO, a municipal corporation; GALEN CARROLL, individually and in his official capacity as Chief of Police of CITY OF MODESTO;  JOSEPH LAMANTIA, individually and in his capacity as a Police Officer for the CITY OF MODESTO; and DOES 1-10, inclusive<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR DAMAGES FOR VIOLATION OF CIVIL RIGHTS AND WRONGFUL DEATH**<br><br>**DEMAND FOR JURY TRIAL** |

COMES NOW, Plaintiff DAVID ROBERT SEEVER, individually and as a co-successor-in-interest to TREVOR R. SEEVER, for his Complaint against Defendants alleges as follows:

## INTRODUCTION

1. This civil rights and state tort action seeks compensatory and punitive damages from Defendants for violating various rights under the United States Constitution and state law in connection with the fatal officer-involved shooting of Plaintiff's son, Trevor R. Seever ("Trevor"), age 29, on December 29, 2020. At that time Trevor was unarmed when Defendant Joseph Lamantia ("Lamantia"), then employed as a police officer by Defendant City of Modesto ("City"), fired seven shots at him, three of which struck Trevor – one in the back and two in the chest, inflicting fatal wounds leading to Trevor's death.

2. Lamantia had been involved in a number of deadly police shootings during his twelve years as a Modesto police office. Defendant City and Defendant Galen Carroll, individually and in his official capacity as Chief of Police of City of Modesto, knew of Lamantia's repeated use of excessive force. Plaintiff is informed and believes that Defendants City and Carroll failed to properly discipline, re-train or otherwise remediate Lamantia regarding the reasonable use of force including lethal force prior to his killing of Trevor, and this conduct and indifference was a proximate cause of Trevor death.

3. The shooting and killing of Trevor Seever was brutal, malicious, and done without just provocation or cause.

## JURISDICTION AND VENUE

1. This is a civil rights wrongful death/survival action arising from Defendants' wrongful shooting, use of excessive force and other wrongful acts on December 29, 2020 resulting in the death of Trevor Seever, age 29, on April 18, 2017 in the CITY OF MODESTO. This action is brought

pursuant to 42 U.S.C. §§ 1983 and 1988, and the First, Fourth and Fourteenth Amendments to the United States Constitution, as well as the laws and Constitution of the State of California. Jurisdiction is founded upon 28 U.S.C. §§ 1331 and 1343(a)(3) and (4), and the aforementioned statutory and constitutional provisions. Plaintiff further invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. §1367 to hear and decide claims arising under state law

2. This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3)-(4) because Plaintiff asserts claims arising under the laws of the United States including 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments of the United States Constitution. This Court has supplemental jurisdiction over Plaintiff's claims arising under state law pursuant to 28 U.S.C. § 1367(a), because those claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

3. Venue is proper in this Court under 28 U.S.C. § 1391(b) because Defendants reside in this district and all incidents, events, and occurrences giving rise to this action occurred in this district.

**PARTIES**

4. At all relevant times, up until his death, Trevor Seever was an individual residing in the City of Modesto, California.

5. Plaintiff David Robert Seever is the father of Trevor Seever. Plaintiff is an individual residing in the State of Oklahoma. Plaintiff sues both in his individual capacity and in a representative capacity as a co-successor in interest to Trevor pursuant to California Code of Civil Procedure § 377.60. Plaintiff seeks both survival and wrongful death damages under federal and state law.

6. Defendant City of Modesto is a municipal corporation existing under the laws of the State of California. The City of Modesto is a chartered subdivision of the State of California with the

capacity to be sued. The City is responsible for the actions, omissions, policies, procedures, practices, and customs of its various agents and agencies, including the Modesto Police Department and its agents and employees. The City of Modesto was responsible for assuring that the actions, omissions, policies, procedures, practices, and customs of the Modesto Police Department and its employees and agents complied with the laws of the United States and of the State of California.

7. Defendant Galen Carroll ("Chief Carroll" or "Chief") was employed by Defendant City as the Chief of Police from January 2013 until he retired on December 25, 2020. Plaintiff is informed and believes that while he was employed as Chief of Police, he was the final decision maker for the police department and made final decisions about the discipline, training , supervision and development of constitutional policing. Plaintiffs contend that Defendant Carroll was personally on notice of the unconstitutional deficiencies in the City policies, practices, procedures and training regarding the discipline and training of officers, and the use of force and the reasonable continuing use of available less-lethal alternatives that would render lethal force unreasonable, but with deliberate indifference failed to correct its unconstitutional deficiencies. He is being sued individually and in his official capacity as Police Chief.

8. Defendant Joseph Lamantia ("Lamantia") was at all times herein is a police officer for the Modesto Police Department. Lamantia was acting under color of law within the course and scope of his duties as an officer for the Modesto Police Department at all relevant times. Defendant Lamantia used excessive force when he shot Trevor Seever multiple times and killed him. He is being sued individually and in his capacity as police officer.

9. Plaintiff is ignorant of the true names and/or capacities of defendants sued herein as DOES 1 through 10, inclusive, and therefore sue said defendants by such fictitious names. Plaintiffs will amend this complaint to allege their true names and capacities when ascertained. Plaintiffs believe and allege that each of the DOE defendants is legally responsible and liable for the incident,

injuries and damages hereinafter set forth. Plaintiffs will ask leave to amend this complaint subject to further discovery.

10. Defendants DOES 1-5 are police officers for the Modesto Police Department and were acting under color of law within the course and scope of their duties as officers for the Modesto Police Department at all relevant times. Also at all relevant times, DOES 1-5 were acting with the complete authority and ratification of their principal, Defendant City.

11. Defendants DOES 6-10 are managerial, supervisorial, and policymaking employees of the Modesto Police Department and/or the City, who were acting under color of law within the course and scope of their duties as managerial, supervisorial, and policymaking employees for the Modesto Police Department and/or the City. DOES 6-10 were acting with the complete authority and ratification of their principal, Defendant City

12. In doing the acts alleged herein, Defendants, and each of them acted within the course and scope of their employment for the City of Modesto.

13. In doing the acts and/or omissions alleged herein, Defendants, and each of them, acted under color of authority and/or under color of law.

14. All of the acts complained of by Plaintiff against Defendants were done and performed by said Defendants by and through their authorized agents, servants, and/or employees, all of whom at all relevant times herein were acting within the course, purpose, and scope of said agency, service, and/or employment capacity, and acting as the authorized representatives, employees and/or agents of each other, and whose acts were known to, authorized by, and/or ratified by each of the remaining Defendants.

15. Plaintiff timely and properly filed a government tort claim pursuant to Cal.Gov. Code § 910 *et seq.*, and this action is timely filed within all applicable statutes of limitation.

## STATEMENT OF FACTS

16. The incident took place on December 29, 2020. At approximately 11:20 a.m. Allison Seever, Trevor sister, called the Modesto Police Department regarding the conduct of her brother, Trevor Seever.

17. At approximately 11:37 a.m. Officer Lamantia advised dispatch that he had arrived at the church on Rosemore and Woodland where he was told Trevor Seever was heading. He was told that that according to Allison, Trevor was possibly en-route to another church on Woodland Church of the Brethren located at 2301Woodland Avenue. Officer Lamantia was the first officer to arrive at Church of the Brethren looking for Trevor Seever.

18. Officer Lamantia's body camera was operating when exited his car at the Church and what occurred at the Church was recorded on that camera, which can be viewed at https://www.youtube.com/watch?v=ixkCfp4XL60 (the video was released by the Modesto Police Department on January 13, 2021).

19. As can be seen on the video, Officer Lamantia existed his vehicle with his weapon drawn, ran around a corner of the church to an open field on the east where he twice yelled, "Get on the ground." Approximately two seconds after he rounded the corner, he fired his first volley of shots without waiting for compliance with his command. A total of four shots were fired within approximately two seconds.

20. Officer Lamantia still pointing his firearm at him, ran closer to Trevor and yelled again "Show me your hands" and "Put your hands up." Trevor, who was unarmed, was kneeling on the ground with his hands up, screaming in pain. The screen shot of the video below shows Trevor unarmed, with his hands raised and visible complying with Defendant Lamantia command.



21.     Approximately twenty seconds after the last shot of the first volley, Officer Lamantia fired the first round of a second volley.  Two more shots were immediately fired, for a total of three shots in the second volley.  At that point, Lamantia reloaded his weapon, in what he later told investigators was a "tactical" reload.

22.     After the second volley Trevor can be heard moaning in pain and at one point crying out "I can't breath" after being hit by this second volley. He then dropped to the ground. The screen shot of the video below shows him there and the gunshot wounds inflicted by Officer Lamantia:



23.  Trevor was pronounced dead on December 29, 2020 at 12:12 p.m. According to the Coroner's report, Trevor was struck by three bullets – a gunshot wound to his chest, travelling front to back penetrating the left 7th rib, apex of the heart, left lung, left 8th intercostal space; a gunshot wound to his abdomen, travelling front to back penetrating the right 9th rib, right lung, liver, and mesentery; and a gunshot wound to the back, travelling back to front penetrating the right 11th intercostal space, mesentery, and intestine.  According to the Coroner, the cause of death was "blood loss due to multiple gunshot wounds to the back, chest, and abdomen."

24.  Defendant Lamantia was a twelve-year veteran of the Modesto Police Department when Trevor was shot and killed on December 29, 2020.  During that time, he had been involved in the following five other polices shootings – in four of those cases the victim died:

- In a 2010 incident, a 45-year-old man was shot and killed after officers, including Lamantia, were called to the scene after it was reported that Francisco Moran, was intoxicated, belligerent and armed with a knife. He was armed with a metal spatula.

- In a 2016 incident, Lamantia was one of the officers involved in the fatal shooting of a suspect during a drug bust in Turlock.

- In another 2016 shooting, a woman, Kim Jackson, who police say charged police with knives, was shot and killed by officers, including Lamantia.
- In a third 2016 incident, Lamantia was involved in the arrest of a man who subdued with beanbag guns and a Taser. The man died a few days later.
- Finally, in an October 2020, two months before Trevor Sever was shot, Lamantia was involved in a nonfatal officer-involved shooting when officers opened fire on an armed suspect.

28. On December 29, 2020, when Defendant Lamantia drew his firearm before attempting to determine whether Trevor Seever even had a weapon, which he did not, Lamantia's first response after contacting Trevor was to use deadly force by firing several rounds at Trevor without first attempting to follow Trevor at a safe distance, without attempting to subdue him by non-lethal means, and without encountering any risk of serious bodily injury or deadly force exhibited by Trevor. At no time did Lamantia warn Trevor that lethal force would be used. Trevor was unarmed and did not pose an immediate threat of death or serious bodily injury to Defendant Lamantia or to anyone else when he was shot.

29. As a direct and proximate result of each Defendant's acts and/or omissions as set forth above, Plaintiff sustained the following injuries and damages, past and future, among others:

(a) Wrongful death of Trevor Seever;

(b) Hospital and medical expenses (Survival claims);

(c) Funeral and burial expenses (Survival claims);

(d) Loss of familial relationships, including loss of love, companionship, comfort, affection, society, services, solace, and moral support (wrongful death and loss of familial association);

(e) Pain and suffering, including emotional distress (Plaintiff David Seever, based on individual § 1983 claim for loss of familial association);

Complaint For Damages For Violation Of Civil Rights And Wrongful Death
*Seever v. City of Modesto, et al.*

9

(f) Trevor Seever loss of life and loss of enjoyment of life, pursuant to federal civil rights law (Survival claims);

(g) Trevor Seever's conscious pain and suffering, pursuant to federal civil rights law (Survival claims);

(h) Violation of constitutional rights;

(i) All other damages, penalties, and attorneys' fees and costs recoverable under 42 U.S.C. §§ 1983, 1988; California Civil Code §§ 52, 52.1 and as otherwise allowed under California and United States statutes, codes, and common law.

**FIRST CLAIM FOR RELIEF**
**(Fourth Amendment - Excessive Force — 42 U.S.C. Section 1983)**
**(Plaintiff as Co-Successor in Interest to Trevor Seever**
**Against Defendants Lamantia and DOES 1-5)**

30. Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 29 of this Complaint with the same force and effect as if fully set forth herein.

31. Defendant Lamantia used excessive force against Trevor Seever. The shooting of Trevor was excessive and unreasonable, especially because Trevor posed no immediate threat of death or serious bodily injury at the time of the incident.

32. Defendant Lamantia's unjustified shooting deprived Trevor of his right to be secure in his person against unreasonable searches and seizures as guaranteed to Plaintiff under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

33. As a direct and proximate result of the acts and omissions of the acts or omissions set forth above Trevor sustained injuries and damages as set forth at ¶ 29 above including but not limited to physical pain, suffering and emotional distress up to the time of his death, loss of enjoyment of life, and loss of life.

34. Defendant Lamantia's conduct was willful, wanton, malicious, and done with reckless

disregard for the rights and safety of Trevor Seever, and therefore warrants the imposition of exemplary and punitive damages as to Defendant Lamantia.

WHEREFORE, Plaintiff prays for relief as set forth below.

### SECOND CLAIM FOR RELIEF
**Violations of Plaintiff's Right to Familial Relationship (42 U.S.C. § 1983)**
**(Plaintiff Individually as against Lamantia and Does 6-10)**

35. Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 34 of this Complaint with the same force and effect as if fully set forth herein.

36. Plaintiff had cognizable interests under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive him of life, liberty, or property in such a manner as to shock the conscience, including but not limited to unwarranted state interference in Plaintiff's familial relationship with his son, Trevor.

37. Trevor had had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive him of life, liberty, or property in such a manner as to shock the conscience.

38. Defendant Lamantia's conduct as alleged in this Complaint and other undiscovered conduct, shock the conscience, in that he acted with deliberate indifference.  Defendant Lamantia had the time to deliberate, and chose not to do so, but instead chose to shoot Trevor.

39. As a direct and proximate result of these actions, Defendants violated the substantive due process rights of Plaintiff to be free from unwarranted interference with his familial relationship with Trevor and Plaintiff suffered injuries and damages as set forth at ¶ 29 above including but not limited to physical pain, suffering and emotional distress mental anguish, and has also been deprived of the life-long love, companionship, comfort, support, society, care, and sustenance of Trevor, and will continue to be so deprived for the remainder of his live.

40. The conduct of Defendant Lamantia was willful, wanton, malicious, and done with

reckless disregard for the rights and safety of Trevor and Plaintiff, and therefore warrants the imposition of exemplary and punitive damages.

WHEREFORE, Plaintiff prays for relief as set forth below.

### THIRD CLAIM FOR RELIEF
**Municipal Liability – Monell (42 U.S.C. § 1983)**
**(Plaintiff as Co-Successor in Interest to Trevor Seever**
**Against Defendants City, Chief Carroll, and DOES 6-10)**

41. Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 40 of this Complaint with the same force and effect as if fully set forth herein.

42. Plaintiff is informed and believes the unconstitutional actions and/or omissions of Defendant Lamantia while he was employed by or acting on behalf of Defendant City, on information and belief, were pursuant to the following customs, policies, practices, and/or procedures of the Modesto Police Department, stated in the alternative, which were directed, encouraged, allowed, and/or ratified by policy making officers for City and the Modesto Police Department, including Defendant Carroll and DOES 6-10:

   (a) To use or tolerate the use of unlawful deadly force including permitting and affirmatively training officers (i) to use deadly force when faced with less than an immediate threat of death or serious bodily injury; (ii) to use deadly force prematurely, or as a "first resort," or when facing a mere potential threat; and (iii) to use deadly force without giving a proper warning when one would be feasible;

   (b) To cover up or tolerate violations of constitutional rights, including but not limited by any or all of the following

   i. by failing to properly investigate and/or evaluate complaints or incidents of excessive and unreasonable force, officer-involved shootings, law enforcement related deaths, and unlawful seizures;

   ii. by failing to promptly, independently, thoroughly, and properly investigate and address officer involved shootings and other law enforcement related deaths; and

        iii. by ignoring and/or failing to properly and adequately investigate and discipline unconstitutional or unlawful police activity.

   (c)     To permit police officers who had demonstrated a pattern of using unreasonable force, such as Defendant Officer Lamantia who had a prior officer-involved-shootings, to continue on patrol and pose a danger to the public of continuing to use excessive force without remediation, retraining, or discipline;

   (d)     To use or tolerate inadequate, deficient, and improper procedures for handling, investigating, and reviewing complaints of officer misconduct;

   (e)     To fail to have and enforce necessary, appropriate, and lawful policies, procedures, and training programs to prevent or correct the unconstitutional conduct, customs, and procedures described in this Complaint and in subparagraphs (a) through (d) above, with deliberate indifference to the rights and safety of Plaintiff and the public, and in the face of an obvious need for such policies, procedures, and training programs to prevent recurring and foreseeable violations of rights of the type described herein

   (f)     By failing to train officers that reasonable available less lethal weapons are required to be used against subjects who do not pose an imminent threat of serious injury or harm even if one less-lethal weapon has been used unsuccessfully;

   (g)     By failing to train officers that where reasonable opportunities for de-escalation of potentially threatening subjects exist, that the use of effective communication that is not confrontational, escalating, or demanding; reasonably creating time and distance to help de-escalate, to allow the use of effective communication, and to allow the continuing opportunity to use less-lethal weapons, they must be employed to defuse a potential threat in place of lethal force;

43. Defendants City, Carroll, and DOES 6-10 acted with deliberate indifference to the foreseeable effects and consequences of the policies, customs or practices with respect to the constitutional rights of Plaintiff, and other individuals similarly situated.

44. The unconstitutional policies, customs or practices described in paragraph 42, above, that caused the deprivation of Plaintiff's rights, that is, the unconstitutional policies, customs or practices were so closely related to the deprivation of Plaintiff's rights to be the moving force that caused the ultimate injury.

45.     Defendants City, Chief Carroll, and DOES 6-10 failed to properly train, instruct, monitor, supervise, evaluate, investigate, remediate and/or discipline its officers, including Defendant Lamantia prior to December 29, 2020, with deliberate indifference to Plaintiff's constitutional rights, which were thereby violated as described above. These failures and deliberate indifference of the Defendants City, Chief Carroll, and DOES 6-10 proximately caused the deprivation of the plaintiff's rights by the Defendant Lamantia; that is, they played a substantial part and/or were the moving force in bringing about or actually causing Plaintiff's injuries.

46.     Defendants subjected Plaintiff to their wrongful conduct, depriving Plaintiff and Trevor of rights described herein, knowingly, maliciously, and with conscious and reckless disregard for whether the rights and safety of Plaintiff and others would be violated by their acts and/or omissions.

47.     As a direct and proximate result of the acts and omissions of the acts or omissions set forth above, Plaintiff has sustained injuries and damages as set forth at ¶ 29 above including but not limited to physical pain, suffering and emotional distress up to the time of his death, loss of enjoyment of life, and loss of life as well as penalties, costs and attorneys' fees as set forth in above, including punitive damages against Defendant Carroll. Plaintiff does not seek punitive damages against the City.

WHEREFORE, Plaintiff prays for relief as set forth below.

**FOURTH CAUSE OF ACTION**
**(Negligence - Wrongful Death)**
**(Against all Defendants)**

49.     Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 48 of this Complaint with the same force and effect as if fully set forth herein.

50.     At all times Defendants Lamantia and DOES 1-5 had a duty to act with due care in the execution and enforcement of any right, law, or legal obligation. That duty includes, but is not limited

to, using reasonable care to prevent harm or injury to others while using appropriate law enforcement tactics, giving appropriate commands, giving warnings, and not using any force unless necessary, using less than lethal options, and only using deadly force as a last resort.

51. Additionally, the general duties of reasonable care and due care by Defendants Carroll and Does 6-10 include but are not limited to the following:

   a. To properly and adequately hire, investigate, train, supervise, monitor, evaluate, and discipline their employees, agents, and/or law enforcement officers to ensure that those employees/agents/officers act at all times in the public interest and in conformance with law;

   b. To make, enforce, and at all times act in conformance with policies and customs that are lawful and protective of individual rights, including those of Plaintiff's and Decedent's.

   c. To refrain from making, enforcing, and/or tolerating the wrongful policies and customs, above.

52. Defendants, through their actions and omissions breached their duties of care.

53. Defendant City is vicariously liable for the wrongful acts of its employees and agents including Defendants Lamantia, Carroll and DOES 1-10 under California Government Code section 815.2(a).

54. Trevor Seever died as a direct and proximate result of Defendants' negligence acts and omissions and as a direct and proximate result Plaintiff sustained injuries and damages, including being deprived of the life-long love, companionship, comfort, support, society, care and sustenance of Trevor, and will continue to be so deprived for the remainder of his life, and is entitled to relief as set forth above at ¶ 29 against each and every Defendant including, wrongful death damages.

WHEREFORE, Plaintiff prays for relief as set forth below.

**FIFTH CAUSE OF ACTION**
**(Violation of CALIFORNIA CIVIL CODE § 52.1 ("the Bane Act")**
**(Plaintiff as Co-Successor in Interest to Trevor Seever**
**Against Defendants City, Lamantia and Does 1-5)**

55. Plaintiff re-alleges and incorporates by reference herein paragraphs 1 through 54 of this Complaint.

56. Defendant Lamantia's acts, as alleged above, violated California Civil Code Section 52.1, in that they interfered with Trevor's exercise and enjoyment of his civil rights, including but not limited through use of wrongful and excessive force.

57. As a direct and proximate result of Defendant Lamantia' violation of Civil Code § 52.1, Trevor suffered violations of his constitutional rights under the United States and California Constitution and Plaintiff is entitled the relief set forth in ¶ 29 to all damages allowed by California Civil Code §§ 52, 52.1, and California law, including but not limited to damages, costs, attorneys fees, treble damages, and civil penalties. In addition, Plaintiff seeks punitive damages against Defendant Officer Lamantia.

WHEREFORE, Plaintiff prays for relief as set forth below.

### SIXTH CAUSE OF ACTION
**(Assault and Battery)**
**(Plaintiff as Co-Successor in Interest to Trevor Seever**
**(Against Defendants City, Lamantia and Does 1-5)**

58. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 57 of this complaint.

59. The actions and omissions of Defendant Lamantia as set forth above constituted assault and battery on Trevor Seever.

60. As a direct and proximate result of the assault and battery, Trevor sustained injuries and died from his injuries and damages and Plaintiff is entitled to relief as set forth above at ¶ 29. In addition, Plaintiff seeks punitive damages against Defendant Officer Lamantia.

WHEREFORE, Plaintiff prays for relief as set forth below.

**JURY DEMAND**

Plaintiff hereby demands a jury trial in this action.

**PRAYER**

WHEREFORE, Plaintiff prays for relief, as follows:

1. For compensatory damages, both general and special, according to proof;
2. For punitive damages in an amount to be proven at trial;
3. For statutory damages and penalties;
4. For reasonable attorneys' fees pursuant to 42 U.S.C. section 1988 and California Civil Code § 52.1;
5. For costs of suit; and
6. For such further other relief as the Court may deem just, proper, and appropriate.

Dated: September 13, 2021          LAW OFFICES OF STEVEN A. FABBRO

                                    By: *Steven A. Fabbro*
                                    _____
                                    STEVEN A. FABBRO
                                    Attorney for Plaintiff  DAVID
                                    ROBERT SEEVER, Individually and as
                                    Successor in Interest to TREVOR R. SEEVER