**RIVERA HEWITT PAUL LLP**
11341 Gold Express Drive, Suite 160
Gold River, CA 95670
Tel: 916-922-1200 Fax: 916-922-1303

Jonathan B. Paul, SBN 215884
jpaul@rhplawyers.com
Jill B. Nathan, SBN 186136
jnathan@rhplawyers.com

Attorneys for Defendant
City of Modesto, Galen Carroll

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID ROBERT SEEVER, a father of TREVOR R. SEEVER, Deceased, individually and as Successor-in- Interest to TREVOR R. SEEVER,<br><br>                    Plaintiff,<br>   vs.<br><br>CITY OF MODESTO, et al.,<br><br>                    Defendants. | Case No.: 1:21-cv-01373-NONE-EPG<br><br>**DEFENDANTS CITY OF MODESTO and GALEN CARROLL's NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT FOR FAILURE TO STATE A CLAIM; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Fed. R. Civ. Proc. 12(b)(6)<br><br>Date:        Friday, January 7, 2022<br>Time:       10:00 a.m.<br>Courtroom:  10, 6th Floor<br><br>Judge: U.S. Magistrate Judge Erica P. Grosjean<br><br>Trial Date:     None Set |

///

///

///

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD: PLEASE TAKE NOTICE** that this matter is set for hearing in the United States District Court, Eastern District of California, Fresno Division, located at 2500 Tulare Street, Courtroom 10, 6th Floor, Fresno, California, 93720 on Friday, January 7, 2022, at 10:00 a.m. before the Honorable Erica P. Grosjean.

Defendants CITY OF MODESTO and GALEN CARROLL ("Defendants") will and hereby do move this Court pursuant to Rule 12(b)(6) to dismiss the Third, Fourth, Fifth and Sixth Causes of Action in Plaintiff DAVID SEEVER's Complaint For Damages For Violation of Civil Rights and Wrongful Death as follows:

A. The wrongful death claim in the Fourth Cause of Action fails to join all known heirs, and is subject to dismissal or abatement.

B. The allegations fail to state a sufficient wrongful death claim against retired Chief Carroll.

C. The survival claims in the Third, Fifth and Sixth claims are subject to dismissal where the declaration fails to satisfy every requirement of California Code of Civil Procedure § 377.32

D. Plaintiff fails to state a plausible claim for federal municipal liability in the Third Cause of Action as follows:

  1. There is no constitutional violation alleged;
  2. The injuries alleged are not recoverable in a § 1983 Survivor Claim;
  3. The *Monell* Claim fails to sufficiently allege elements of a theory of ratification;
  4. The *Monell* Claim against retired Chief Carroll based only on a purported failure to discipline is subject to dismissal; and
  5. The failure to train claim does not sufficiently state a deliberate indifference to a constitutional right

E. There is no statutory liability of Defendant City alleged in the Fifth and Sixth Causes of Action; the Bane Act and assault and battery claims are subject to dismissal.

This motion will be based on this motion and notice of motion; the memorandum of points and authorities in support thereof; and any and all pleadings and papers filed herewith; and any oral argument presented at the hearing of this matter.

///

///

Defendants City of Modesto and G. Carroll's Motion to Dismiss Complaint for Failure to State a Claim

Date: November 22, 2021

Respectfully submitted,

RIVERA HEWITT PAUL LLP

*/s/ JILL B. NATHAN*

JONATHAN B. PAUL
JILL B. NATHAN
Attorneys for Defendants
City of Modesto and Galen Carroll

# TABLE OF CONTENTS

TABLE OF AUTHORITIES .................................................................................................. ii

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) .............. 1

I.  INTRODUCTION .............................................................................................................. 1

II. LEGAL STANDARD ......................................................................................................... 2

III. ARGUMENT .................................................................................................................... 3

    A.    THE WRONGFUL DEATH ACTION IS SUBJECT TO ABATEMENT AND/OR DISMISSAL ................................................................................................................ 3

        1.    The Wrongful Death Cause of Action Fails Without All Heirs Joined ................... 3

        2.    Plaintiff Fails to State a Sufficient Claim of Wrongful Death Against Chief Carroll ............................................................................................................. 4

    B.    SURVIVAL CLAIMS IN THE THIRD, FIFTH AND SIXTH CLAIMS ARE SUBJECT TO DISMISSAL WHERE THE DECLARATION FAILS TO SATISFY EVERY REQUIREMENT OF CCP § 377.32 .......................................................... 5

    C.    PLAINTIFF FAILS TO STATE A PLAUSIBLE CLAIM FOR FEDERAL MUNICIPAL LIABILITY IN THE THIRD CAUSE OF ACTION ...................... 5

        1.    No Constitutional Violation Alleged ..................................................................... 5

        2.    The Injuries Alleged are not Recoverable in a § 1983 Survivor Claim .................. 6

        3.    The *Monell* Claim Fails to Sufficiently Allege Elements of a Theory of Ratification ............................................................................................................ 7

        4.    The *Monell* Claim Against Retired Chief Carroll Based Only on a Failure to Discipline is Subject to Dismissal ........................................................... 8

        5.    The Failure to Train Claim Does Not Sufficiently State a Deliberate Indifference to a Constitutional Right ........................................................................ 5

    D.    THERE IS NO STATUTORY LIABILITY OF DEFENDANT CITY ALLEGED IN THE FIFTH AND SIXTH CAUSES OF ACTION; THE BANE ACT AND ASSAULT AND BATTERY CLAIMS ARE SUBJECT TO DISMISSAL ......... 10

IV. CONCLUSION ................................................................................................................ 11

**TABLE OF AUTHORITIES**

*Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004) ...................................................2

*Adams v. Superior Court,* 196 Cal.App.4th 71, 76-77 (2011) ...........................................3

*Albright v. Oliver*, 510 U.S. 266, 271 (1994) .....................................................................6

*Arnold v. Int'l Bus. Machines Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981) .......................8

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ......................................................................2

*Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*,

459 U.S. 519, 526 (1983) ...................................................................................................2

*Bagos v. Vallejo*, case no. 2:20-cv-00185-KJM-AC, 2020 WL 6043949, *7

(E.D. Cal. Oct. 13, 2020) ....................................................................................................8

*Baker v. McCollan*, 443 U.S. 137, 144, n.3 (1979) ............................................................6

*Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir.1990) ....................2

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) ...............................................2

*Brown v. Poway Unified School Dist.*, 4 Cal.4th 820, 829 (1993) ...................................11

*Bryan Cnty. v. Brown*, 520 U.S. 397, 405 (1997) ..............................................................7

*Christie v. Iopa*, 176 F.3d 1231, 1239 (9th Cir. 1999) ...................................................8, 9

*City of Canton v. Harris*, 489 U.S. 378, 389-91 (1989) ...............................................6, 10

*Clouthier v. Cty. of Contra Costa*, 591 F.3d 1232, 1253-54 (9th Cir. 2010) ..................8, 9

*Connick v. Thompson*, 563 U.S. 51, 61 (2011) ..............................................................9. 10

*Cotta v. Cnty. of Kings*, 79 F.Supp.3d 1148, 1181 (2015).................................................3

*Eastburn v. Regional Fire Protection Authority*, 31 Cal.4th 1175, 1183 (2003) ..............11

*Estate of Contreras ex rel. Contreras v. Cnty. of Glenn*, 725 F.Supp.2d 1151

(E.D.Cal.2010).....................................................................................................................6

*Estate of Elkins v. Pelayo*, No. 1:13-CV-1483 AWI SAB, 2020 WL 2571387 at

*5 (E.D. Cal. May 21, 2020) ..............................................................................................3

*Estate of Hatfield v. Cnty. of Lake*, 2012 WL 1949327 at *2 (N.D.Cal. May 29, 2012) ....3

*Estate of Mejia v. Archambeault*, 2021 WL 4428990, * 4 (S.D. Cal. Sept. 27, 2021)........3

*Gillette v. Delmore,* 979 F.2d 1342, 1348 (9th Cir.1992) ..................................................9

Defendants City of Modesto and G. Carroll's Motion to Dismiss Complaint for Failure to State a Claim

1    *Gonzales v. Southern Cal. Edison Co.*, 77 Cal. App. 4th 485, 489 (1999) ..........................3

2    *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) ...............................................................6

3    *Lopez v. So. Cal. Rapid Transit Dist.*, 40 Cal.3d 780 (1985) ............................................11

4    *MacKinney v. Nielsen*, 69 F.3d 1002, 1008 (9th Cir. 1995) ................................................9

5    *Martinez v. Richard A. Cummo & Assoc.*, 2015 WL 6502099, *2

6    (E.D. Cal., Oct. 27, 2015) ......................................................................................................6

7    *Meehan v. County of Los Angeles*, 856 F.2d 102, 107 (9th Cir. 1988),

8    cert. denied, 117 S. Ct. 1249 (1997) ....................................................................................8

9    *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978) ..................................................7

10   *Moreland v. Las Vegas Metro. Police Dept.* 159 F.3d 365, 369 (9th Cir. 1998) .................5

11   *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir.2009) .........................................2

12   *Navarro v. Block*, 255 F.3d 729, 732 (9th Cir.2001) ..........................................................2

13   *Oviatt v. Pearce*, 954 F.2d 1470, 1474 (9th Cir.1992) .......................................................6

14   *Quiroz v. Seventh Ave. Center* (2006) 140 Cal.App.4th 1256, 1263 ...............................3, 4

15   *Ruttenberg v. Ruttenberg*, 53 Cal. App. 4th 801, 808 (1997) .............................................3

16   *Schwartz v. Lassen County ex rel. Lassen County Jail (Det. Facility)*, 838 F. Supp. 2d 1045,

17   1059 (E.D. Cal. 2012) ...........................................................................................................6

18   *Sheehan v. City & Cnty. of San Francisco*, 743 F.3d 1211, 1231 (9th Cir. 2014), *rev'd on*

19   *other grounds*, 135 S.Ct. 1765 (2015) ..................................................................................9

20   *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) .............................2

21   *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2012) .........................................................10

22   *Venerable v. City of Sacramento*, 185 F.Supp.2d 1128, 1133 (E.D.Cal.2002) ...................7

23   *West v. Atkins*, 487 U.S. 42, 48 (1988) ................................................................................6

24   *Willis v. City of Fresno*, 2009 WL 4828746, *4 (E.D. Cal. Dec. 9, 2009) .......................11

25

26   **California Statutes**

27   California Code of Civil Procedure § 377.32. ......................................................................1

28   California Code of Civil Procedure § 377.60 .......................................................................3

iii
Defendants City of Modesto and G. Carroll's Motion to Dismiss Complaint for Failure to State a Claim

California Code of Civil Procedure § 377.34 ..................................................................6, 7

Cal. Probate Code § 6402(b) ..............................................................................................3

California Government Code section 951.....................................................................4, 5

California Government Code section 820.8......................................................................4

California Government Code section 815(a) .................................................................10

Cal. Civil Code § 52.1 subd. (b) ......................................................................................11


**Federal Code**

42 U.S.C. § 1983..........................................................................................*passim*


**Federal Rules**

Federal Rule of Civil Procedure 19 ...................................................................................4

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF MOTION TO DISMISS COMPLAINT PURSUANT
TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

### I.  INTRODUCTION

Plaintiff David Robert Seever ("Plaintiff") is a resident of the State of Oklahoma, and he filed this wrongful death action as a co-successor in interest to the estate of his deceased son, 29-year-old Trevor Seever ("Decedent"). Decedent's mother Darlene Ruiz is also a successor in interest. (See Declaration at Doc. 1-2, ¶ 5). Ms. Ruiz is not joined as a plaintiff in this action.

On December 29, 2020, Modesto Police Department personnel responded to a call for assistance from family members concerning "conduct" of decedent Trevor Seever. (Doc. 1, ¶ 16). Officer Lamantia responded to the call. Plaintiff alleges that excessive force was used by the Modesto officer in the shooting death of decedent on December 29, 2020, as decedent was found to be unarmed, "posed no immediate threat of death or serious bodily injury," and was not given a "proper warning." (Doc. 1, ¶¶ 31, 42(a)). Plaintiff alleges that Modesto Police Chief Carroll had retired several days prior to this incident, on December 25, 2020. (Doc. 1, ¶ 7).

The complaint contains the following alleged claims against responding Defendants City of Modesto and against Chief Carroll, in his individual and official capacity ("Defendants"): 42 U.S.C. § 1983 Municipal liability under *Monell* (Third Cause of Action); Wrongful Death (Fourth Cause of Action); California Civil Code § 52.1 Bane Act against the City of Modesto (Fifth Cause of Action); and Assault and Battery against the City of Modesto (Sixth Cause of Action).

Responding Defendants respectfully request dismissal of the federal and state claims asserted in Plaintiff's complaint as follows: The wrongful death claim in the Fourth Cause of Action fails to join all known heirs, and is subject to dismissal or abatement; the allegations fail to state a sufficient wrongful death claim against retired Chief Carroll; the survival claims in the Third, Fifth and Sixth claims are subject to dismissal where the declaration fails to satisfy every requirement of California Code of Civil Procedure § 377.32. Plaintiff fails to state a plausible claim for federal municipal liability in the Third Cause of Action as follows: There is no constitutional violation alleged; the injuries alleged are not recoverable in a § 1983 Survivor Claim; the *Monell* Claim fails to sufficiently allege elements of a theory of ratification; the *Monell* Claim against retired Chief

1  Carroll based only on a purported failure to discipline is subject to dismissal; and the failure to train
2  claim does not sufficiently state a deliberate indifference to a constitutional right. Lastly, there is no
3  statutory liability of Defendant City alleged in the Fifth and Sixth Causes of Action and thus the
4  Bane Act and assault and battery claims are subject to dismissal.

## II. LEGAL STANDARD

6  A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests the legal
7  sufficiency of a claim." *Navarro v. Block*, 255 F.3d 729, 732 (9th Cir.2001). A court may dismiss a
8  complaint pursuant to 12(b)(6) where: (1) The complaint lacks a cognizable legal theory; or (2) the
9  complaint alleges insufficient facts under a cognizable legal theory. *Balistreri v. Pacifica Police
10 Department*, 901 F.2d 696, 699 (9th Cir.1990). To meet pleading requirements and withstand a
11 motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a
12 claim that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell
13 Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This demands a presentation of factual
14 allegations sufficient to state a plausible claim for relief, where the mere possibility of misconduct
15 falls short of meeting this plausibility standard. *Iqbal*, supra, at 678-79; *Moss v. U.S. Secret Service*,
16 572 F.3d 962, 969 (9th Cir.2009). "Nor is the court required to accept as true allegations that are
17 merely conclusory, unwarranted deductions of fact, or unreasonable inference." *Sprewell v. Golden
18 State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); see also *Adams v. Johnson*, 355 F.3d 1179, 1183
19 (9th Cir. 2004) ("unwarranted inferences are insufficient to defeat a motion to dismiss").

20  If plaintiffs "have not nudged their claims across the line from conceivable to plausible, their
21 complaint must be dismissed." *Twombly*, 550 U.S. at 570. Conclusory allegations are not entitled to
22 a "presumption of truth." See *Iqbal*, 556 U.S. at 681 (where complaint alleged Ashcroft was a
23 "principal architect" of a policy and that another defendant was "instrumental" in its adoption and
24 execution, these claims amounted to conclusory allegations subjecting them to dismissal).

25  Finally, it is not proper for the court to assume that the plaintiff "can prove facts that it has
26 not alleged or that the defendants have violated the . . . laws in ways that have not been alleged."
27 *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526
28 (1983).

## III. ARGUMENT

### A. THE WRONGFUL DEATH ACTION IS SUBJECT TO ABATEMENT AND/OR DISMISSAL

**1. The Wrongful Death Cause of Action Fails Without All Heirs Joined**

Wrongful death actions arise under state law and involve claims by decedent's relatives to recover for their own losses suffered as result of decedent's death. *Quiroz v. Seventh Ave. Center*, 140 Cal.App.4th 1256, 1263 (2006). A wrongful death claim is thus brought only by heirs under the laws of intestate succession and is not brought by a decedent's estate. See *Estate of Mejia v. Archambeault*, 2021 WL 4428990, * 4 (S.D. Cal. Sept. 27, 2021).

Under California Code of Civil Procedure § 377.60, "[a]n heir who files a wrongful death action is required to properly join all known heirs in the action." *Cotta v. Cnty. of Kings*, 79 F.Supp.3d 1148, 1181 (2015) (citing *Estate of Hatfield v. Cnty. of Lake*, 2012 WL 1949327 at *2 (N.D.Cal. May 29, 2012)); see also *Estate of Elkins v. Pelayo*, No. 1:13-CV-1483 AWI SAB, 2020 WL 2571387 at *5 (E.D. Cal. May 21, 2020). This is known as the "one action rule." "Generally, there may be only a single action for wrongful death, in which all heirs must join. There cannot be a series of such suits by individual heirs. [citation] This is the so-called one action rule. One of its effects is that settlement of a wrongful death case instituted by only some of the heirs will bar others from prosecuting another action against the same defendant." *Gonzales v. Southern Cal. Edison Co.*, 77 Cal. App. 4th 485, 489 (1999).

"Defendants facing a wrongful death action in which all the heirs should have, but have not, been joined are entitled to move to abate the action." *Adams v. Superior Court,* 196 Cal.App.4th 71, 76-77 (2011). "Omitted heirs…are 'necessary parties,' and plaintiff heirs have a mandatory duty to join all known omitted heirs in the 'single action' for wrongful death." *Ruttenberg v. Ruttenberg*, 53 Cal. App. 4th 801, 808 (1997). Here, in the Fourth Cause of Action asserted against all defendants, Plaintiff alleges that he sustained injuries and damages as a result of the alleged breach of duties of care. (Doc. 1, p. 15). The pleading, however, indicates that Plaintiff is not the only heir of decedent. Under laws of intestate succession in California, the estate passes to the parents equally, where there is no surviving spouse or children. Cal. Probate Code § 6402(b). In his declaration, Mr. Seever

indicates that decedent's mother Darlene Ruiz survives as a successor in interest. (Doc. 1-2, ¶ 5). Decedent's mother is thus a person who is required to be joined to this wrongful death action pursuant to Federal Rule of Civil Procedure 19. The wrongful death claim in the Fourth Cause of Action should be dismissed, or alternatively, abated to allow for proper joinder of all heirs. Responding defendants submit a Motion for Abatement filed concurrently with this motion.

**2. Plaintiff Fails to State a Sufficient Claim of Wrongful Death Against Chief Carroll**

Elements of the cause of action for wrongful death in California include the negligent or wrongful act, resulting death, and damages consisting of pecuniary loss suffered by the heirs. *Quiroz,* 140 Cal.App.4th at 1263. As a public employee, Chief Carroll is immunized from vicarious liability for unlawful conduct of other officers, and Plaintiff must articulate Carroll's wrongful conduct which allegedly brought about the death in question. California Government Code section 820.8 states in relevant part: "Except as otherwise provided by statute, a public employee is not liable for an injury caused by the act or omission of another person." Cal. Gov't Code § 820.8.

Additionally, there is a heightened pleading standard which applies to defendant Chief Carroll - California Government Code section 951 provides: "[A]ny complaint for damages in any civil action brought against a publicly elected or appointed state or local officer, in his or her individual capacity... shall allege with particularity sufficient material facts to establish the individual liability of the publicly elected or appointed state or local officer." Cal. Gov't Code § 951.

As alleged, defendant Carroll was already retired on the date of the decedent's death, December 29, 2020. The negligent conduct of Carroll is stated in very general and conclusory terms in the complaint, as a failure to "properly and adequately hire, investigate, train, supervise, monitor, evaluate, and discipline their employees, agents, and/or law enforcement officers to ensure that those employees/agents/officers act at all times in the public interest and in conformance with law…[t]o make, enforce, and at all times act in conformance with policies and customs that are lawful and protective of individual rights, including those of Plaintiff's and Decedent's [and to] refrain from making, enforcing, and/or tolerating the wrongful policies and customs, above." (Doc. 1, ¶ 51). These allegations do not state with particularity how Chief Carroll caused the death of Trevor Seever on December 29, 2020. The conclusory allegations simply suggest general

impropriety and unlawfulness in the context of general job duties, and therefore the allegations do not satisfy the requirement of § 951 to plead "with particularity" the facts to establish liability on the part of Chief Carroll. Moreover, the allegations fail to meet *federal* pleading standards where conclusory allegations are not entitled to a "presumption of truth." *Iqbal*, 556 U.S. at 681. The Fourth Cause of Action against defendant Carroll should be dismissed.

### B. SURVIVAL CLAIMS IN THE THIRD, FIFTH AND SIXTH CLAIMS ARE SUBJECT TO DISMISSAL WHERE THE DECLARATION FAILS TO SATISFY EVERY REQUIREMENT OF CCP § 377.32

"A person seeking to file an action as a decedent's successor in interest must attest to certain facts showing that the person is in fact the decedent's successor in interest." *Estate of Hatfield, supra,* 2012 WL 1949327 at *2; Cal. Code Civ. Proc. § 377.32. Specifically, the proposed successor in interest must execute a declaration under penalty of perjury stating "all" required information identified in section 377.32, which includes "the date and place of the decedent's death," among others. Cal. Code Civ. Proc. § 377.32(a)(2). While the declaration filed by Plaintiff here contains many of the required pieces of information, it is incomplete with regards to subdivision (a)(2) of section 377.32. (See Doc. 1-2). It is the Plaintiff's burden to demonstrate that he meets the requirements for bringing a survival action. See *Moreland v. Las Vegas Metro. Police Dept*. 159 F.3d 365, 369 (9th Cir. 1998).

The Third, Fifth and Sixth Causes of Action appear by their headings to be brought against responding defendants in the capacity of Plaintiff as a "co-successor in interest." Plaintiff's declaration is insufficient to establish standing as a successor, however, because it fails to satisfy all requirements of California Code of Civil Procedure § 377.32. Defendants request dismissal of the claims for *Monell* (third), the Bane Act (fifth), and Assault and Battery (sixth), as Plaintiff fails to sufficiently demonstrate standing to bring these claims.

### C. PLAINTIFF FAILS TO STATE A PLAUSIBLE CLAIM FOR FEDERAL MUNICIPAL LIABILITY IN THE THIRD CAUSE OF ACTION

**1. No Constitutional Violation Alleged**

Plaintiff brings a *Monell* claim against the City of Modesto. The claim is deficient on several fronts. First of all, in order to state a claim under section 1983, a plaintiff must allege two essential

elements: (1) The violation of a right secured by the Constitution or laws of the United States, and (2) the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988) ("To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law"); see also *Martinez v. Richard A. Cummo & Assoc.*, 2015 WL 6502099, *2 (E.D. Cal., Oct. 27, 2015) ("To state a claim, Plaintiff must first identify the interest at stake"). Section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights conferred elsewhere.'" *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144, n.3 (1979)); see also *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Furthermore, there are four conditions that must be satisfied in order to establish *municipal liability* for failing to act to preserve constitutional rights: "(1) that [the plaintiff] possessed a constitutional right of which he was deprived; (2) that the municipality had a policy; (3) that this policy 'amounts to deliberate indifference' to the plaintiff's constitutional right; and (4) that the policy is the 'moving force behind the constitutional violation.'" *Oviatt v. Pearce*, 954 F.2d 1470, 1474 (9th Cir.1992), quoting *City of Canton v. Harris*, 489 U.S. 378, 389-91 (1989).

Here, the Third Cause of action fails to allege the constitutional right in question underlying the *Monell* claim. (Doc. 1, pp. 12-14). The alleged violation of a constitutional right is an essential element of a section 1983 claim, and is necessary in establishing a municipal liability claim. Absent this key element of a section 1983 claim, the Third Cause of Action lacks a sufficient cognizable legal theory and should be dismissed. See *Balistreri, supra*, 901 F.2d at 699 (complaint subject to dismissal under FRCP 12(b)(6) absent a cognizable legal theory).

**2. The Injuries Alleged are not Recoverable in a § 1983 Survivor Claim**

"The Eastern District has consistently held that § 377.34 [of the California Code of Civil Procedure] is not inconsistent with Section 1983, and has thus barred survivor claims for pain and suffering damages under Section 1983." *Estate of Contreras ex rel. Contreras v. Cnty. of Glenn*, 725 F.Supp.2d 1151 (E.D.Cal.2010); *Schwartz v. Lassen County ex rel. Lassen County Jail (Det. Facility)*, 838 F. Supp. 2d 1045, 1059 (E.D. Cal. 2012). "Because state law does not permit

recovery of a decedent's pain and suffering, [Plaintiff's] claim for pain and suffering from injury leading to death does not survive and will be dismissed." *Venerable v. City of Sacramento*, 185 F.Supp.2d 1128, 1133 (E.D.Cal.2002).

In the Eastern District, Section 1983 claims are consistent with state law regulating survivor claims. Specifically, California's Code of Civil Procedure § 377.34 provides: "In an action or proceeding by a decedent's personal representative or successor in interest on the decedent's cause of action, the damages recoverable are limited to the loss or damage that the decedent sustained or incurred before death, including any penalties or punitive or exemplary damages that the decedent would have been entitled to recover had the decedent lived, and **do not include** damages for pain, suffering, or disfigurement." Cal. Code Civ. Proc. § 377.34 (emphasis added).

Plaintiff's *Monell* claim fails to state a plausible claim for relief against responding Defendants, because it is based upon injuries which are not recoverable in a survivor claim. In the Complaint here, it is alleged that Defendants' failures under a *Monell* theory resulted in "physical pain, suffering and emotional distress up to the time of death." (Doc. 1, ¶ 47). Such injuries of decedent are barred under California's Code of Civil Procedure § 377.34, and thus the claim against the City and Chief Carroll should be dismissed on this basis.

3. **The *Monell* Claim Fails to Sufficiently Allege Elements of a Theory of Ratification**

A public entity may only be liable under § 1983 when "action pursuant to official municipal policy of some nature caused a constitutional tort." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). Liability cannot be premised upon *respondeat superior*, and "[r]igorous standards of culpability and causation must be applied to ensure that the municipality is not held liable solely for the actions of its employee." *Bryan Cnty. v. Brown*, 520 U.S. 397, 405 (1997). Decedent here was unarmed. Plaintiff contends that the officer's failures in this incident include (i) use of deadly force when faced with less than an immediate threat of death or serious bodily injury; (ii) use of deadly force prematurely, or as a "first resort," or when facing a mere potential threat; and (iii) use of deadly force without giving a proper warning when one would be feasible. (Doc. 1, ¶ 42(a)). Plaintiff's *Monell* theories hinge on excusing this conduct, as a policy, but inevitably fail to meet the "rigorous standards of culpability and causation" in order to survive a motion to dismiss.

The *Monell* claim against responding Defendants City and Chief Carroll in paragraph 42 appears to be based upon theories of ratification and training. "The elements of ratification include the act of approval, and that the ratification was (1) the cause in fact, and (2) the proximate cause of the constitutional deprivation." *Bagos v. Vallejo*, case no. 2:20-cv-00185-KJM-AC, 2020 WL 6043949, *7 (E.D. Cal. Oct. 13, 2020) citing *Arnold v. Int'l Bus. Machines Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981). "A policymaker's knowledge of an unconstitutional act does not, by itself, constitute ratification." *Christie v. Iopa*, 176 F.3d 1231, 1239 (9th Cir. 1999). Moreover, a mere failure to discipline an officer for his or her conduct does not amount to ratification. *Clouthier v. Cty. of Contra Costa*, 591 F.3d 1232, 1253-54 (9th Cir. 2010) (failure to discipline employees, without more, was insufficient to establish ratification).

Plaintiff frames the objectionable customs, policies, practices, and/or procedures of the City within paragraph 42, subsections (a)-(g) of the Complaint. Subdivision (b) alleges ratification by a failure to properly investigate officer-involved shootings and a failure to discipline, subdivision (c) alleges ratification by condoning co-defendant Lamantia's "pattern of using unreasonable force…without remediation, retraining, or discipline," and subdivision (d) reiterates alleged deficiencies in investigations of officers. Subdivisions (b) and (d) are redundant and conclusory as to a failure to investigate complaints. They fail to meet the heightened pleading standards - it is not alleged how a failure to investigate prior shootings was the cause in fact or proximate cause of the constitutional deprivation here. Plaintiff does not allege if prior incidents also involved use of deadly force prematurely on an unarmed subject, or as a "first resort," or when facing a mere potential threat. The shooting incidents identified in paragraph 24 do not identify similar circumstances to make them comparable or to provide notice. See, *e.g,*. *Meehan v.County of Los Angeles*, 856 F.2d 102, 107 (9th Cir. 1988), cert. denied, 117 S. Ct. 1249 (1997) (two unrelated unconstitutional assaults in three months does not alone support finding of official policy of harassment or nonintervention). Absent *comparable* prior situations involving these circumstances, the ratification theory of *Monell* lacks the causation element.

   4. **The *Monell* Claim Against Retired Chief Carroll Based Only on a Failure to Discipline is Subject to Dismissal**

///

As a supervisory official, Chief Carroll was retired on the day of this incident and thus not personally involved. He is therefore only subject to *Monell* liability if he has implemented a policy "so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation." See *MacKinney v. Nielsen*, 69 F.3d 1002, 1008 (9th Cir. 1995). A failure to discipline employees, without more, is insufficient to establish ratification. *Sheehan v. City & Cnty. of San Francisco*, 743 F.3d 1211, 1231 (9th Cir. 2014), *rev'd on other grounds*, 135 S.Ct. 1765 (2015) (finding no evidence that policymakers "made a deliberate choice to endorse" the officers' actions); see also *Gillette v. Delmore,* 979 F.2d 1342, 1348 (9th Cir.1992).

In *Mackinney*, the police chief had been advised of "similar past incidents" and allegedly "took no steps to prevent the incident at issue." The Ninth Circuit found no evidence of a policy that "repudiates" constitutional rights, and the Court therefore determined that the police chief there could not be liable. *MacKinney, supra*, 69 F.3d at 1008. Here, in light of *MacKinney* and *Sheehan*, as well as the *Christie* and *Clouthier* cases, *supra*, the allegations that Chief Carroll knew of past incidents of force but failed to address them is of no moment. These allegations are insufficient to show liability based upon a theory of ratification; and Plaintiff fails to identify any actual policy which is the moving force behind the alleged constitutional violation involving decedent.

**5. The Failure to Train Claim Does Not Sufficiently State a Deliberate Indifference to a Constitutional Right**

In addition to the theory of ratification, Plaintiff alleges liability based on a failure to train. (See Doc. 1, ¶ 42 subdivisions (a), (e), (f) and (g)). The Supreme Court has stated that "[i]n limited circumstances, a local government's decision not to train certain employees about their legal duty to avoid violating citizens' rights may rise to the level of an official government policy for purposes of § 1983. A municipality's culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train." *Connick v. Thompson*, 563 U.S. 51, 61 (2011). The government's omission in a failure to train claim must amount to "deliberate indifference" to a constitutional right. This is shown when "the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the city can reasonably be said to have been deliberately indifferent to the need." *City of Canton, supra*, 489

U.S. at 390.

A *Monell* claim reliant upon a failure to train theory requires "a pattern of similar constitutional violations by untrained employees" in order to demonstrate "deliberate indifference." *Connick*, 563 U.S. at 62. Otherwise, "without notice that a course of training is deficient in a particular respect, decisionmakers can hardly be said to have deliberately chosen a training program that will cause violations of constitutional rights." *Id.* Here, Plaintiff's "pattern" of constitutional violations is set forth in only conclusory terms in the Third Claim for Relief. The language fails to provide "sufficient allegations of underlying facts" of the pattern of other similar constitutional violations to give fair notice to the opposing party on the constitutionally deficient training program. See *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2012).

There are no factual allegations to support an inference that the City was on actual or constructive notice that defects in training were substantially certain to result in a violation of constitutional rights at issue. See *City of Canton*, 489 U.S. at 396. The five shooting incidents identified by Plaintiff at paragraph 24 do not even allege that unconstitutional levels of force were used in those cases. Nor do the cases appear to involve factually similar (alleged) circumstances of an unarmed subject, where deadly force was used "when faced with less than an immediate threat of death or serious bodily injury" coupled with the use of deadly force "prematurely, or as a "first resort," or when facing a mere potential threat and "without giving a proper warning when one would be feasible." (See Doc. 1, ¶ 42(a)). *If* such a deficiency in the training existed at the time of this incident, the prior shooting cases identified by Plaintiff, as alleged, would not have provided notice to Defendants that the training regimen for Modesto Police was constitutionally deficient. Plaintiff therefore fails to adequately allege a training program which was deliberately indifferent to the "constitutional rights of Plaintiff." (Doc. 1, 13:20-23).

### D. THERE IS NO STATUTORY LIABILITY OF DEFENDANT CITY ALLEGED IN THE FIFTH AND SIXTH CAUSES OF ACTION; THE BANE ACT AND ASSAULT AND BATTERY CLAIMS ARE SUBJECT TO DISMISSAL

"California Government Code section 815(a) provides that a 'public entity is not liable for an injury, whether such injury arises out of an act or omission of the public entity or a public employee or any other person,' '[e]xcept as otherwise provided by statute.' Certain statutes provide expressly

for public entity liability in circumstances that are somewhat parallel to the potential liability of private individuals and entities, but the Government Claims Act's intent 'is not to expand the rights of plaintiffs in suits against governmental entities, but to confine potential governmental liability to rigidly delineated circumstances.'" *Willis v. City of Fresno*, 2009 WL 4828746, *4 (E.D. Cal. Dec. 9, 2009) quoting *Brown v. Poway Unified School Dist.*, 4 Cal.4th 820, 829 (1993).

"[D]irect tort liability of public entities must be based on a specific statute declaring them to be liable." *Eastburn v. Regional Fire Protection Authority*, 31 Cal.4th 1175, 1183 (2003). "[B]ecause under the Tort Claims Act all governmental tort liability is based on statute, the general rule that statutory causes of action must be pleaded with particularity is applicable." *Lopez v. So. Cal. Rapid Transit Dist.*, 40 Cal.3d 780 (1985).

Here, Plaintiff fails to indicate how Defendant City is subject to direct liability under Civil Code section 52.1, the Bane Act, in the Fifth Cause of Action. Indeed, the language of the Bane Act indicates that it applies to "a person or persons" who interfere[s] with rights by threat, intimidation, or coercion. Cal. Civil Code § 52.1 subd. (b). Similarly, the Sixth Cause of Action for assault and battery fails to identify any statutory basis for public entity liability. As a result of this deficiency, both the Fifth and Sixth Causes of Action against responding Defendant City of Modesto are subject to dismissal.

## IV. CONCLUSION

Based on the foregoing, responding defendants City of Modesto and G. Carroll respectfully request that the Court dismiss Plaintiff's claims against them in the Third, Fourth, Fifth and Sixth Causes of Action, pursuant to Rule 12(b)(6).

Date: November 22, 2021            Respectfully submitted,

                                   RIVERA HEWITT PAUL LLP

                                   */s/ JILL B. NATHAN*

                                   JONATHAN B. PAUL
                                   JILL B. NATHAN
                                   Attorneys for Defendants
                                   City of Modesto and G. Carroll