**RIVERA HEWITT PAUL LLP**
11341 Gold Express Drive, Suite 160
Gold River, CA 95670
Tel: 916-922-1200 Fax: 916-922-1303

Jonathan B. Paul, SBN 215884
jpaul@rhplawyers.com
Jill B. Nathan, SBN 186136
jnathan@rhplawyers.com

Attorneys for Defendants
City of Modesto, G. Carroll

## IN THE UNITED STATES DISTRICT COURT

## IN AND FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID ROBERT SEEVER, a father of TREVOR R. SEEVER, Deceased, individually and as Successor-in- Interest to TREVOR R. SEEVER,<br><br>                            Plaintiff,<br>   vs.<br><br>CITY OF MODESTO, et al.,<br><br>                            Defendants. | Case No.: 1:21-cv-01373-NONE-EPG<br><br>**DEFENDANTS CITY OF MODESTO and GALEN CARROLL's NOTICE OF MOTION AND MOTION FOR ABATEMENT OF PLAINTIFF'S WRONGFUL DEATH CLAIM**<br><br>Date:         Friday, January 7, 2022<br>Time:        10:00 a.m.<br>Courtroom: 10, 6th Floor<br><br>Judge:       Hon. Erica P. Grosjean |

PLEASE TAKE NOTICE that on Friday January 7, 2022, at 10:00 a.m., or as soon thereafter as counsel may be heard, in Courtroom 10, 6th Floor, of the above-captioned Court located at 2500 Tulare Street, Fresno, CA 93721, the City of Modesto and G. Carroll (hereinafter, "Defendants"), will and hereby do move this Court for an order abating Plaintiff's wrongful death claim or in the alternative, compelling Plaintiff Seever to join as parties all known heirs.

This Motion is based on this Notice, the Memorandum of Points and Authorities, the Complaint and Declaration filed by Plaintiff Seever, the Court's file in this action, all matters of which this Court must or may take judicial notice and on such further evidence and argument which may be presented at the hearing on this matter.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

On September 14, 2021, Plaintiff David Robert Seever, individually, and as successor in interest to Trevor R. Seever, filed a Complaint wherein he alleges that on December 29, 2020, his son, Trevor R. Seever, was fatally shot by a City of Modesto police officer. (Doc. 1).

In the Fourth Cause of Action, Plaintiff alleges that all defendants are liable for the wrongful death of Plaintiff's son. In Plaintiff's declaration filed at Doc. 1-2, he avers that the decedent's mother Darlene Ruiz is also a successor in interest. Ms. Ruiz is not joined as a plaintiff in this action, however.

Pursuant to California law, a wrongful death claim belongs to all decedent's heirs. Accordingly, as the decedent's mother is not a party to this action, responding Defendants City of Modesto and retired Police Chief Carroll ("Defendants") are entitled to an abatement of the wrongful death claim until such time as all of the decedent's heirs are included as parties.

### II. PLAINTIFF SEEVER'S WRONGFUL DEATH CLAIM SHOULD BE ABATED

Wrongful death actions arise under state law and involve claims by decedent's relatives to recover for their own losses suffered as result of decedent's death. *Quiroz v. Seventh Ave. Center*, 140 Cal.App.4th 1256, 1263 (2006). A wrongful death claim is thus brought only by heirs under the laws of intestate succession and is not brought by a decedent's estate. See *Estate of Mejia v. Archambeau*lt, 2021 WL 4428990, * 4 (S.D. Cal. Sept. 27, 2021).

Under California Code of Civil Procedure § 377.60, "[a]n heir who files a wrongful death action is required to properly join all known heirs in the action." *Cotta v. Cnty. of Kings*, 79 F.Supp.3d 1148, 1181 (2015) (citing *Estate of Hatfield v. Cnty. of Lake*, 2012 WL 1949327 at *2 (N.D.Cal. May 29, 2012)); *Estate of Elkins v. Pelayo*, No. 1:13-CV-1483 AWI SAB, 2020 WL 2571387 at *5 (E.D. Cal. May 21, 2020); see also *Garlick v. County of Kern,* 2014 U.S. Dist. LEXIS 64059 (E.D. Cal. May 8, 2014) ("California law permits only one action for wrongful death).

This is known as the "one action rule." "Generally, there may be only a single action for wrongful death, in which all heirs must join. There cannot be a series of such suits by individual heirs. [citation] This is the so-called one action rule. One of its effects is that settlement of a

wrongful death case instituted by only some of the heirs will bar others from prosecuting another action against the same defendant." *Gonzales v. Southern Cal. Edison Co.*, 77 Cal. App. 4th 485, 489 (1999).

"Defendants facing a wrongful death action in which all the heirs should have, but have not, been joined are entitled to move to abate the action." *Adams v. Superior Court*, 196 Cal.App.4th 71, 76-77 (2011). "Omitted heirs…are 'necessary parties,' and plaintiff heirs have a mandatory duty to join all known omitted heirs in the 'single action' for wrongful death." *Ruttenberg v. Ruttenberg*, 53 Cal. App. 4th 801, 808 (1997). Here, in the Fourth Cause of Action asserted against all defendants, Plaintiff alleges that he sustained injuries and damages as a result of the alleged breach of duties of care. (Doc. 1, p. 15). The pleading, however, indicates that Plaintiff is not the only heir of decedent. Under laws of intestate succession in California, the estate passes to the parents equally, where there is no surviving spouse or children. Cal. Probate Code § 6402(b).

Given Plaintiff's failure to join the decedent's mother (an heir, pursuant to *California Code of Civil Procedure* § 377.60) as a party to this action, Plaintiff's wrongful claim is improper as a matter of law. As such, Plaintiff's claim for wrongful death should be abated until such time as all heirs of the decedent are joined in one action.

### III. CONCLUSION

Based on the foregoing, Defendants respectfully request the Court grant this Motion in its entirety.

Dated: November 22, 2021        Respectfully submitted,

RIVERA HEWITT PAUL LLP

*/s/ Jill B. Nathan*

JILL B. NATHAN
Attorneys for Defendants
City of Modesto,
G. Carroll