UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID ROBERT SEEVER, et al.,<br><br>    Plaintiffs,<br><br> v.<br><br>CITY OF MODESTO, et al.,<br><br>    Defendants. | Case No. 1:21-cv-001373-JLT-EPG<br><br>ORDER DENYING STIPULATED PROTECTIVE ORDER WITHOUT PREJUDICE<br><br>(ECF No. 40) |

On May 13, 2022, the parties filed a stipulated protective order for the Court's approval. (ECF No. 40). The parties seek a protective order "for the purpose of facilitating the exchange of documents and information between the parties, despite pending open investigations." (*Id.* at 2). The stipulated protective order will be denied, without prejudice, because it does not comply with Local Rule 141.1.

Local Rule 141.1(c), requires that every proposed protective order contain the following provisions:

> (1) A description of the types of information eligible for protection under the order, with the description provided in general terms sufficient to reveal the nature of the information (e.g., customer list, formula for soda, diary of a troubled child);
>
> (2) A showing of particularized need for protection as to each category of information proposed to be covered by the order; and

1

(3) A showing as to why the need for protection should be addressed by a court order, as opposed to a private agreement between or among the parties.

LR 141.1(c).

Regarding Local Rule 141.1(c)(1)-(2), the parties have failed to provide an adequate description of the types of information eligible for protection and a particularized showing of need for protection as to each category of information covered by their proposed order. The parties' stipulated protective order defines "confidential" information to mean "information designated 'Confidential' pursuant to [the] Protective Order. Information designated 'Confidential' shall be information that is determined in good faith by the attorneys representing the Designating Party to be subject to protection pursuant to Fed. R. Civ. P. 26(c)." (ECF No. 40, p. 3). However, such a catchall description is not sufficient "in general terms [] to reveal the nature of the information" under LR 141.1(c)(1). For example, the parties do not generally identify "confidential" information to include, *e.g.*, a customer list or some other descriptor to reveal the general type of information deemed confidential.

Accordingly, IT IS ORDERED that the parties' stipulated protective order (ECF No. 40) is DENIED, without prejudice.

IT IS SO ORDERED.

Dated:   **May 16, 2022**                    /s/ *Erica P. Grosjean*
                                                             UNITED STATES MAGISTRATE JUDGE