**RIVERA HEWITT PAUL LLP**
11341 Gold Express Drive, Suite 160
Gold River, CA 95670
Tel: 916-922-1200 Fax: 916-922-1303

Jonathan B. Paul, SBN 215884
jpaul@rhplawyers.com
Jill B. Nathan, SBN 186136
jnathan@rhplawyers.com
**Attorneys for Defendants,
City of Modesto, Modesto Police Dept.**


**LAW OFFICES OF STEVEN A. FABBRO**
601 Montgomery Street, Suite 688
San Francisco, CA 94111
Tel: 415-391-6850 Fax: 415-391-6856
Steven August Fabbro, SBN 107973
fabbrolaw200l@yahoo.com
**Attorney for Plaintiff, David Robert Seever**


**ANGELO, KILDAY & KILDUFF; LLP**
601 University Ave., Suite 150
Sacramento, CA 95825
Tel: 916-564-6100 Fax: 916-564-6263

Bruce Alan Kilday, SBN 66415
bki1day@akk-1aw.com
Danielle J. Williams, SBN 317229
dwilliams@akk-1aw.com
Derick E. Konz, SBN 286902
dkonz@akk-law.com
**Attorneys for Defendant, Joseph Lamantia**

**LAW OFFICES OF JOHN BURTON**
128 N Fair Oaks Ave.
Pasadena, CA 91103
Tel: 626-449-8300 Fax: 626-449-4417

**FORES MACKO JOHNSTON, INC.**
1600 G Street, Suite 103
Modesto, CA 95354
Tel: 209-527-9899 Fax: 209-257-2889

**LAW OFFICES OF RONALD LA FORCE**
1120 Scenic Avenue
Modesto, CA 95355
Tel: 209-602-4711 Fax: 209-575-4356

John Burton, SBN 86029
jb@johnburtonlaw.com
Robert Philip Fores, SBN 119235
rfores@foresmacko.com
Ronald La Force, SBN 32927

**Attorneys for Plaintiff, Darlene Ruiz**

# IN THE UNITED STATES DISTRICT COURT

# IN AND FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID ROBERT SEEVER, Individually and As Co-Successor in Interest to TREVOR R. SEEVER, Deceased, and DARLENE RUIZ, Individually and as Co-Successor in Interest to TREVOR R. SEEVER, Deceased,<br><br>  Plaintiffs,<br>  vs.<br>CITY OF MODESTO, et al.,<br><br>  Defendants. | Lead Case No.: 1:21-cv-01373-JLT-EPG<br>Member Case No.: 1:21-cv-01565-NONE-EPG<br><br>**STIPULATED PROTECTIVE ORDER FOR CONFIDENTIAL DOCUMENTS**<br><br>**(ECF No. 42)** |

Plaintiffs DAVID ROBERT SEEVER and DARLENE RUIZ ("Plaintiffs") and Defendants CITY OF MODESTO, MODESTO POLICE DEPARTMENT, JOSEPH LAMANTIA ("Defendants"), by and through their respective counsels, hereby stipulate and in good faith believe that documents potentially within the scope of discovery for the instant matter, including but not limited to the documents described herein and which have been requested by Plaintiffs, are subject to protection pursuant to Fed. R. Civ. P. 26(c). The terms of this protective order shall apply to the documents described in Paragraph C below, and to any future production of confidential documents that any party may designate in good faith to be confidential.

Documents in this matter contain information subject to protection pursuant to Fed. R. Civ. P. 26(c). Defendants CITY OF MODESTO and MODESTO POLICE DEPARTMENT contend that particularized harm may result from public disclosure of documents designated as "confidential." Defendants warrant that the confidentiality designation is not intended to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties; this stipulated protective order is entered for the purpose of facilitating the exchange of documents and information between the parties.

///

**STIPULATION AND PROTECTIVE ORDER**

**A.     PURPOSE AND LIMITATION**

This case arises from the officer involved shooting of Trevor Seever. The Stanislaus County District Attorney has filed a criminal complaint arising from shooting. Defendants assert that Defendant Lamantia's personnel records as well as documents related to Modesto Police Department's investigation should remain confidential from public disclosure in order to maintain the integrity of the criminal matter pending in Stanislaus Superior Court. Disclosure to third parties of personnel records and materials such as Modesto Police Department's related investigation has the potential to compromise the pending criminal matter. Defendants take the position that certain personnel records and internal affairs records of the investigation are thus subject to protection pursuant to Fed. R. Civ. P. 26(c).

Accordingly, the Parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this protective order does not confer blanket protections on all disclosures or discovery activity, and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge that this protective order does not entitle any party to file information designated as protected or confidential under seal, where E.D. Cal. L.R. 141 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the Court to file material under seal.

**B.     DEFINITIONS**

The following definitions shall apply to this Protective Order:

1.     The "Action" shall mean and refer to the above-captioned matter and to all actions now or later consolidated with the Action, and any appeal from the Action and from any other action consolidated at any time under the above-captioned matter, through final judgment.

2.     "Confidential Documents" shall mean documents that any Party designates as "Confidential" in the manner set forth in this Protective Order.

3.     "Confidential" shall mean information designated "Confidential" pursuant to this

Protective Order. Information designated "Confidential" shall be information that is determined in good faith by the attorneys representing the Designating Party to be subject to protection pursuant to Fed. R. Civ. P. 26(c). Confidential information shall be used solely for purposes of litigation and shall not be used by the non-Designating Party for any other business or other purpose, unless agreed to in writing by all Parties to this action or as authorized by further order of the Court.

4. "Defendants" shall mean the CITY OF MODESTO, MODESTO POLICE DEPARTMENT, JOSEPH LAMANTIA any other Defendants who may subsequently be added to this action (for example, "DOE 1 to 20").

5. "Plaintiffs" shall mean DAVID ROBERT SEEVER, Individually and As Co-Successor in Interest to TREVOR R.SEEVER, Deceased, and DARLENE RUIZ, Individually and as Co-Successor in Interest to TREVOR R. SEEVER, Deceased.

6. "Parties" shall mean Plaintiffs and Defendants, identified above.

**C.  DESCRIPTION OF INFORMATION ELIGIBLE FOR PROTECTION AS "CONFIDENTIAL DOCUMENTS"**

Documents subject to protection under this order include Modesto Police Department's personnel records of Joseph Lamantia, Skelly records, all records related to Internal Affairs investigation in case FD20-006, all records related to Modesto Police Department case MP 20034738, and all records of the Modesto Police Department Administrative Investigation – Officer Involved Shooting Review and Disposition for IA #FD20-006/MP 20034738.

**D.  TERMS OF THE PROTECTIVE ORDER**

IT IS HEREBY STIPULATED by, among and between the parties through their counsel of record, that the Confidential Documents may be designated as "Confidential" by any Party and produced subject to the following Protective Order:

1. The Confidential Documents shall be used solely in connection with the civil case Seever v. City of Modesto, et al., U.S. Dist. Ct., E.D. Cal. Lead Case No.: 1:21-cv-01373-JLT-EPG and Member Case No.: 1:21-cv-01565-NONE-EPG, in the preparation and trial of the case. The Parties do not waive any objections to the admissibility of the documents or portions thereof in future proceedings in this case, including trial.

2. The Party producing Confidential Documents will designate the Confidential Documents as confidential by affixing a mark labelling them "Confidential." The mark 'confidential' shall be affixed in a manner that does not obscure any text on the document.

3. The Confidential Documents may only be disclosed to the following persons:

(a) Steven A. Fabbro of LAW OFFICES OF STEVEN A. FABBRO, partners and associate attorneys in that office, if any, as counsel in this action for Plaintiff David Robert Seever individually and as Co-Successor-in-Interest to Trevor R. Seever, Deceased;

(b) John Burton of LAW OFFICES OF JOHN BURTON, Robert Philip Fores of FORES MACKO JOHNSTON, INC., and Ronald La Force of LAW OFFICES OF RONALD LA FORCE, partners and associate attorneys in those offices, if any, as counsel in this action for Plaintiff Darlene Ruiz individually and as Co-Successor-in-Interest to Trevor R. Seever, Deceased;

(c) Jonathan B. Paul and Jill B. Nathan of RIVERA HEWITT PAUL LLP, partners and associate attorneys in that office, if any, as counsel for Defendants City of Modesto and the Modesto Police Department in this action;

(d) Bruce Alan Kilday and Derick E. Konz of ANGELO, KILDAY & KILDUFF LLP, partners and associate attorneys in that office, as counsel for Defendant Joseph Lamantia in this action;

(e) Paralegal, clerical, and secretarial personnel regularly employed by counsel referred to in subparts (a) (b) (c) and (d) immediately above, including stenographic deposition reporters or videographers retained in connection with this action;

(f) Court personnel, including stenographic reporters or videographers engaged in proceedings as are necessarily incidental to the preparation for the trial in the civil action;

(g) Any expert, consultant, or investigator retained in connection with this action, however, such persons must be advised of and abide by this protective order;

(h) The finder of facts at the time of trial, subject to the court's rulings on in limine motions and objections of counsel; and,

(i) Witnesses during their depositions in this action. If confidential documents are used in the deposition, the documents must be identified as "Confidential" and the portion of the deposition

in which the documents are described should also be considered confidential. The Designating Party has the affirmative obligation to instruct the court reporter which portions of the depositions it designates as "Confidential." This may be done either orally at the time of the deposition or within 5 days after the completion of the deposition.

4. If the Confidential Documents are filed with any motion or other pleading, a party may seek permission from the Court to file the Confidential Documents under seal according to E.D. Cal. L.R. 141. If permission is granted, the Confidential Documents will be filed and served in accordance with E.D. Cal. L.R. 141.

5. The designation of the Confidential Documents as "Confidential" and the subsequent production thereof is without prejudice to the right of any party to oppose the admissibility of the Confidential Documents or information contained therein.

6. Notwithstanding the provisions of Paragraph 3, the Confidential Documents and information contained therein may not be delivered, exhibited or otherwise disclosed to any reporter, writer or employee of any trade publication, newspaper, magazine or other media organization, including but not limited to radio and television media.

7. Should the Confidential Documents or any information contained therein be disclosed, through inadvertence or otherwise, to any person not authorized to receive it under this Protective Order, the disclosing person(s) shall promptly (a) inform counsel for the parties of the recipient(s) and the circumstances of the unauthorized disclosure to the relevant producing person(s) and (b) use best efforts to bind the recipient(s) to the terms of this Protective Order.

8. A Confidential Document shall not lose its confidential status because it was inadvertently or unintentionally disclosed to a person not authorized to receive it under this Protective Order.

9. This Stipulated Protective Order shall remain in full force and effect and shall continue to be binding on all parties and affected persons until this litigation terminates, subject to any subsequent modifications of this Stipulated Protective Order for good cause shown by this Court or any Court having jurisdiction over an appeal of this action. Upon termination of this litigation, the parties agree the Stipulated Protective Order shall continue in force as a private

1  agreement between the parties.

2      10.    During the pendency of this lawsuit, the Court shall (a) make such amendments,
3  modifications and additions to this Protective Order as it may deem appropriate upon good cause
4  shown; and, (b) adjudicate any dispute arising under it.

5      **E.**    **DURATION**

6      Even after final disposition of this litigation, the confidentiality obligations imposed by this
7  Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order
8  otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and
9  defenses in this action, with or without prejudice; and (2) final judgment herein after the completion
10 and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the
11 time limits for filing any motions or applications for extension of time pursuant to applicable law.

12     **F.**    **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

13     1.    Timing of Challenges. Any Party or Non-Party may challenge a designation of
14 confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality
15 designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic
16 burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to
17 challenge a confidentiality designation by electing not to mount a challenge promptly after the
18 original designation is disclosed.

19     2.    Meet and Confer. The Challenging Party shall initiate the dispute resolution process
20 by providing written notice of each designation it is challenging and describing the basis for each
21 challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must
22 recite that the challenge to confidentiality is being made in accordance with this specific paragraph
23 of the Protective Order. The parties shall then meet and confer in accordance with Local Rule
24 251(b) within 14 days of the date of service of notice, which may be extended by agreement.

25     3.    Judicial Intervention. If the Parties cannot resolve a challenge without court
26 intervention, the Designating Party shall file and serve a motion to retain confidentiality under
27 Local Rule 230 (and in compliance with Local Rule 141, if applicable) within 21 days of the initial
28 notice of challenge or within 14 days of the parties agreeing that the meet and confer process will

not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

4.      The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

**G.      PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

///

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

**IT IS SO STIPULATED.**

Dated:  June  9, 2022                              **RIVERA HEWITT PAUL LLP**

*/s/ Jill B. Nathan*

JILL B. NATHAN
Attorney for Defendants, City of Modesto and Modesto Police Department

Dated: June 9, 2022                                 **LAW OFFICES OF STEVEN A. FABBRO**

*/s/ Steven A. Fabbro*
(As Authorized on  June 8, 2022)

STEVEN A. FABBRO
Attorney for Plaintiff, David Robert Seever

Dated: June 9, 2022                                 **LAW OFFICES OF JOHN BURTON**

*/s/ John Burton*
(As Authorized on June 8, 2022)

JOHN BURTON
Attorney for Plaintiff, Darlene Ruiz

Dated:  June  9, 2022                              **FORES MACKO JOHNSTON, INC.**

*/s/ Robert P. Fores*
*(As Authorized on June 9, 2022)*

ROBERT P. FORES
Attorney for Plaintiff, Darlene Ruiz

- 9 -
Stipulated Protective Order

Dated: June 9 , 2022                           **ANGELO, KILDAY & KILDUFF; LLP**

*/s/ Derick E. Konz*
*(As Authorized on June 8, 2022)*

---

Bruce Alan Kilday
Derick E. Konz
Attorneys for Defendant, Joseph Lamantia

## **ORDER**

Having review the parties' stipulated protective order for confidential documents (ECF No. 42), IT IS ORDERED that the parties' proposed protective order is approved. However, to avoid any ambiguity, the Court clarifies that it is only approving protection for the categories of documents identified in Section C.: "Modesto Police Department's personnel records of Joseph Lamantia, Skelly records, all records related to Internal Affairs investigation in case FD20-006, all records related to Modesto Police Department case MP 20034738, and all records of the Modesto Police Department Administrative Investigation – Officer Involved Shooting Review and Disposition for IA #FD20-006/MP 20034738."

IT IS SO ORDERED.

Dated:   **June 10, 2022**                                  /s/ *Erica P. Grosjean*
                                                                            UNITED STATES MAGISTRATE JUDGE